Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/18/2019 08:07 AM CDT

- 762 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. KHALEEQ
Cite as 303 Neb. 762

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator,
v. BILAL AHMED KHALEEQ, respondent.
___ N.W.2d ___

Filed July 26, 2019.    No. S-18-640.

Original action. Judgment of disbarment.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Bilal Ahmed Khaleeq, on June 14, 2019. The court accepts respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 20, 2007. He has also practiced law in Dallas, Texas. On October 9, 2018, relator filed formal charges against respondent. The formal charges state that respondent entered a guilty plea to violating 18 U.S.C. § 371 and 8 U.S.C. § 1325(c) (2012) (conspiracy to commit marriage fraud) in case No. 3:17-CR-00359-N in the U.S. District Court for the Northern District of Texas, Dallas Division. He was sentenced to 6 months' incarceration and ordered to pay a fine of $10,000. The formal charges allege that respondent violated his oath of office as an attorney licensed to practice law in

- 763 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. KHALEEQ
Cite as 303 Neb. 762

the State of Nebraska as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012) and Neb. R. of Prof. Cond. § 3-508.4(a) through (c) (rev. 2016) (misconduct).

On June 14, 2019, respondent filed a voluntary surrender of license to practice law, in which he stated that he knowingly does not contest the truth of the allegations set forth in the formal charges. Respondent stated that he freely and voluntarily surrenders his privilege to practice law in the State of Nebraska; waives his right to notice, appearance, or hearing prior to the entry of an order of disbarment; and consents to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations that were made against him in connection with his federal conviction. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly,

- 764 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. KHALEEQ
Cite as 303 Neb. 762

and voluntarily admits that he does not contest the allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of disbarment.